**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

PABLO DAVID REYES PONCE,    )
    )
    Plaintiff,    )    Civil Action No. 3:25-cv-00382-SLH-KT
    )
    )    District Judge Stephanie L. Haines
    v.    )
    )    Magistrate Judge Kezia O. L. Taylor
ATTORNEY GENERAL OF    )
THE U.S., *et al.*,    )
    )
    Defendants.    )
    )

**REPORT AND RECOMMENDATION**

**I.       RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this case be dismissed with prejudice for Plaintiff's failure to prosecute insofar as Plaintiff has failed to comply with this Court's Order to Show Cause, which expressly advised that this case would be dismissed should Plaintiff fail to amend his complaint and file it by February 24, 2026.

**II.       REPORT**

**A.       PROCEDURAL BACKGROUND**

Pablo David Reyes Ponce ("Plaintiff") initiated this *pro se* civil rights case on October 29, 2025, by filing a complaint without a motion to proceed *in forma pauperis*. ECF No. 1. A deficiency order was issued on October 30, 2025, advising Plaintiff of the steps needed to continue with this matter. ECF No. 2. On November 13, 2025, Plaintiff filed a motion to proceed *in forma pauperis*, which was granted by order entered on December 4, 2025. ECF Nos. 3, 5. Plaintiff's Complaint and an Amended Complaint were thereafter docketed on December 4, 2025. ECF Nos. 6, 7.

On December 22, 2025, the Court ordered Plaintiff to file another amended complaint by January 22, 2026, and provided direction as to how to amend his complaint. ECF No. 8. After Plaintiff failed to file an amended complaint by the designated deadline, the Court entered an Order to Show Cause on February 10, 2026, directing Plaintiff to explain

> why this case should not be dismissed for Plaintiff's failure to prosecute insofar as Plaintiff has failed to comply with this Court's Order dated December 22, 2025, which directed Plaintiff to amend his complaint and file it by January 22, 2026. As of today, the Court has not received Plaintiff's amended complaint and it appears that Plaintiff may have abandoned this case. The Court will give Plaintiff one more opportunity to comply. If he does not file his amended complaint by February 24, 2026, then the Court will assume that Plaintiff no longer desires to continue to prosecute this action and the Court will dismiss the case for Plaintiff's failure to prosecute.

ECF No. 9.

As of the date of the filing of this Report and Recommendation, Plaintiff has made no further filings with the Court.

## B.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and, under this Rule, "a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (*per curiam*) (citing Fed. R. Civ. P. 41(b)); *see also Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)").

The Third Circuit Court of Appeals has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'" *Qadr*, 642 F. App'x at 103 (quoting *Briscoe v. Klaus*, 538

F.3d 252, 258 (3d Cir. 2008)).  Before engaging in a *sua sponte* dismissal, "the district court should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders."  *Briscoe*, 538 F.3d at 258.

Here, by this Court's Order dated February 10, 2026, Plaintiff was granted until February 24, 2026, to file his amended complaint.  ECF No. 9.  To date, Plaintiff has failed to comply with this Order or provide any indication of his willingness to proceed with this litigation.

### a. The *Poulis* Factors

In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Id.* at 868.  In balancing the *Poulis* factors, no single factor is dispositive, nor do all factors need to be satisfied to result in dismissal of the complaint.  *Briscoe*, 538 F.3d at 263.  However, in determining whether a dismissal is warranted, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits."  *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019).  The Third Circuit has emphasized that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court," and they "must be a sanction of last, not first, resort."  *Poulis*, 747 F.2d at 867-68, 869 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).  "[C]ases should be decided on the merits barring substantial circumstances in support of the contrary outcome."  *Hildebrand*, 923 F.3d at 132.

3

**b. Application of the *Poulis* Factors**

**1. The extent of the party's personal responsibility**

"[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Adams,* 29 F.3d at 873. In determining personal responsibility for the delay, the Court must distinguish "between a party's responsibility for delay and counsel's responsibility." *Hildebrand*, 923 F.3d at 133 (citing *Poulis*, 747 F.2d at 868). A plaintiff is not conjecturally responsible for her counsel's delay. *Id*. Any doubt as to personal responsibility should be resolved "'in favor of reaching a decision on the merits.'" *Id*. at 138 (quoting *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)).

Here, because Plaintiff is proceeding *pro se*, the responsibility for failing to comply with orders, including his obligation to file an amended complaint, is his alone. Therefore, the first factor favors dismissal.

**2. Prejudice to the adversary**

Prejudice to the adversary is a substantial factor in the *Poulis* analysis; but like any other factor, it is not dispositive. *Hildebrand*, 923 F.3d at 134. "Relevant examples of prejudice include 'the irretrievable loss of evidence[ ] [and] the inevitable dimming of witnesses' memories.'" *Id*. (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). A party is not required "to show 'irremediable harm' for the prejudice to weigh in favor of dismissal." *Id.* (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). If the opposition is unable to prepare "a full and complete trial strategy" then there is sufficient prejudice to favor dismissal. *Id*. (citation omitted).

Here, Defendants will be severely prejudiced if the case is permitted to linger in the absence of activity by Plaintiff. Indeed – at this early stage of the litigation – an operative complaint is a

crucial and necessary component that sets forth the touchstone of Plaintiff's substantive claims. Just as importantly, Defendants cannot defend claims that are not being identified and pursued by Plaintiff. Therefore, the second factor favors dismissal.

### 3. A history of dilatoriness

A history of dilatoriness is generally established by repeated "delay or delinquency." *Adams*, 29 F.3d at 874. While once or twice is normally insufficient, this factor weighs in favor of dismissal where the plaintiff has a history of repeated delay. *Hildebrand*, 923 F.3d at 135 (citation omitted). In addition to repeated acts, "extensive" delay can also create a history of dilatoriness. *Adams*, 29 F.3d at 874. A "failure to prosecute" does not require that plaintiff take affirmative "steps to delay the trial . . . . It is quite sufficient if [he/she] does nothing . . . ." *Id*. at 875 (citation omitted).

"While extensive delay may weigh in favor of dismissal, 'a party's problematic acts must be evaluated in light of its behavior over the life of the case.'" *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 875). Thus, where a plaintiff has not been previously delinquent the weight given even a long delay should be mitigated. *Id*. Here, Plaintiff has not demonstrated a history of dilatoriness other than failing to comply with this Court's show cause order. Thus, the third factor does not weigh in favor of dismissal.

### 4. Whether the party's conduct was willful or in bad faith

In determining if a plaintiff's conduct constituted willful or bad faith, the "court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as [a case history of] failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." *Id*. (citing *Scarborough*, 747 F.2d at 875 (citation omitted)). "Willfulness

5

involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Although "[a] lengthy delay reflects 'inexcusable negligent behavior,' *id*. at 876, . . . that behavior alone does not rise to the level of willfulness or bad faith." *Hildebrand*, 923 F.3d at 135. Finally, "[b]ecause the harsh sanction of dismissal should serve to deter bad faith or self-serving behavior, and because of our policy of favoring decisions on the merits, [in the absence of evidence] that the delay was not effectuated willfully or in bad faith, [this factor] should weigh against dismissal." *Id*. at 136.

Here, in light of the inaction reflected on the docket, the Court can only conclude that Plaintiff has willfully ignored this Court's latest Order directing him to file his amended complaint by February 24, 2026. Therefore, the fourth factor weighs in favor of dismissal.

### 5. Effectiveness of sanctions other than dismissal

A district court must thoroughly consider "alternative sanctions before dismissing a case with prejudice." *Id*. (citing *Briscoe*, 538 F.3d at 262). The court should also provide an analysis of effectiveness sufficient "to honor [the] longstanding tradition of favoring decisions on the merits." *Id*. In so doing, the court should be mindful that "[a]lternatives are particularly appropriate when the plaintiff has not personally contributed to the delinquency." *Poulis*, 747 F.2d at 866 (citations omitted). "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Hildebrand*, 923 F.3d at 136. They are not required to be "completely ameliorative." *Id*.

Here, Plaintiff is proceeding *in forma pauperis* so it is unlikely that any sanction imposing costs or fees upon him would be effective. Therefore, the Court can see no alternative sanction that would be appropriate other than dismissal. Accordingly, the fifth factor weighs in favor of dismissal.

### 6. <u>Meritoriousness of claim or defense</u>

The standard for determining whether a plaintiff's claims are meritorious is moderate. *Adams*, 29 F.3d at 876. The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not a summary judgment standard, is applicable in a *Poulis* analysis. *Id.* at 869-70. The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." (*Fowler* [*v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)]); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117-18, (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

In addition, when considering *pro se* pleadings, a court must employ less stringent standards than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

Here, Plaintiff's failure to file an amended complaint prevents the Court from determining whether Plaintiff can present sufficient facts to support plausible claims under the standard set by Rule 12(b)(6).  In light of the Court's inability to make such an assessment, this factor does not weigh in favor of dismissal.

In sum, four of the six *Poulis* factors weigh in favor of dismissal, such that dismissal is warranted under the circumstances presented.

## III.   CONCLUSION

For the above reasons, it is respectfully recommended that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with this Court's Order to Show Cause.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.


Dated:  March 13, 2026                                **BY THE COURT**


                                        s/ Kezia O. L. Taylor
                                        KEZIA O. L. TAYLOR
                                        United States Magistrate Judge

8